﻿Citation Nr: AXXXXXXXX
Decision Date: 03/19/19 Archive Date: 03/19/19

DOCKET NO. 180910-1571
DATE: March 19, 2019

REMANDED

Entitlement to a rating in excess of 10 percent for left knee osteoarthritis from October 22, 2013 to May 21, 2018, is remanded.

Entitlement to a rating in excess of 10 percent for right knee osteoarthritis from October 22, 2013 to May 21, 2018, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from September 1999 to November 2000, from October 2008 to October 2011, and from October 2012 to November 2013. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

By way of background, in an August 2016 rating decision, the Agency of Original Jurisdiction (AOJ) granted entitlement to service connection for osteoarthritis of the right and left knees and assigned each knee a 10 percent disability rating, effective October 22, 2013. The Veteran disagreed with the assigned initial ratings. 

On May 21, 2018, the Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. In January 2019, the Veteran timely appealed this RAMP rating decision to the Board and requested the Direct Review process. 

The Board notes that just prior to opting into the RAMP program, the Veteran filed a claim for VA pension. He indicated he was working as a jailer, and that his job would end on June 18, 2018. He indicated that his knee disabilities prevent him from working beyond that point. As noted above, the Board’s period of review is limited to the time period from the date the Veteran filed his knee claim on October 22, 2013, to the date he opted into RAMP, selecting a Higher-Level Review on May 21, 2018. As the Veteran has stipulated he would no longer be able to work as of June 2018—a period outside the scope of this review—the Board will not infer a claim for a total disability rating based on individual unemployability (TDIU) under Rice v. Shinseki, 22 Vet. App. 447 (2009) at this time.

Entitlement to an initial rating in excess of 10 percent for left and right knee osteoarthritis, is remanded.

The Board finds a duty to assist error occurred prior to the May 21, 2018 opt-in to the RAMP program such that remand is warranted to correct the deficiencies. 

The Veteran’s right and left knees were last evaluated by VA in July 2014. At the time, the Veteran denied experiencing flare-ups of his knees, and it was determined by the VA examiner that factors such as pain, weakness, fatigability, or incoordination did not significantly limit functional ability. 

Subsequently, on his September 2016 Notice of Disagreement, the Veteran stipulated that his knee symptoms had increased in severity. Specifically, he reported that he experienced knee instability, joint swelling, pain with kneeling, as well as function loss that limited normal use of excursion, strength, and endurance. These symptoms were not reported on his July 2014 VA examination. 

Although the Veteran submitted evidence in 2017 showing that the VA medical center in Waco, Texas had prescribed him pain relievers, the agency of original jurisdiction (AOJ) did not obtain or associate with the file any corresponding records of VA care.

The Court of Appeals for Veterans Claims has held that where a veteran claims that a disability is worse than when originally rated, and the available evidence is too old to adequately evaluate the current state of the condition, the VA must provide a new examination. See Olsen v. Principi, 3 Vet. App. 480, 482 (1992) (citing Proscelle v. Derwinski, 2 Vet. App. 629, 632 (1992)).

In light of the fact that during the period under review (1) the Veteran submitted competent lay assertions of worsening knee symptomatology, (2) the AOJ did not schedule the Veteran for an updated VA examination, nor did it (3) associate with the file any VA treatment records in its constructive possession before denying increased ratings in its August 2018 Higher-Level Review, the AOJ did not satisfy its duty to assist the Veteran, and the appeal must be remanded. 

(Continued on Next Page)

The matters are REMANDED for the following action:

1. Associate with the file all records of VA care dating during the period under review from October 22, 2013 to May 21, 2018.

2. Ensure that the Veteran is scheduled for a VA examination to determine the severity of his bilateral knee disabilities. All tests deemed necessary should be conducted and the results reported in detail, to include all signs and symptoms necessary for evaluating the Veteran’s disabilities under the rating criteria

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD L. Crohe, Counsel